Dear Mayor Collette:
Your request for an Attorney General's opinion as been forwarded to me for research and reply. Specifically, you ask the following question:
 Whether the Town of Henderson can adopt legislation which allows the Town to place a lien on the property of individuals who are delinquent in paying accounts for solid waste collection?
Your question is answered by LSA-R.S. 33:4169.1 which is reproduced below:
 § 4169.1 Municipal and parish authority over collection and disposal of garbage and trash; franchising, permitting, and licensing; assessment and collection of service charge
 A. The governing authority of every parish or municipality shall have the following powers:
 (1) To engage in the collection and disposal of garbage and trash within its jurisdiction in cooperation with, or to the exclusion of, other garbage and trash collectors.
 (2) To grant permits, licenses, exclusive or nonexclusive franchises, or any combination thereof to garbage and trash collectors and disposers. Any exclusive franchise shall be granted only after advertising for bids, reception of bids, and awarding of the contract or contracts in accordance with the public bid laws of the state and other provisions of law.
 (3) To enter into time contracts for the collection and transportation of garbage or trash for a term of up to ten years, and for disposal of garbage or trash for a term of up to twenty-five years.
 (4) To assess a service charge against any person provided any service pursuant to Paragraphs (1) or (2). However, in the parishes of Lafourche, Vermillion, Rapides, and Washington, such charge shall be imposed only after the question of its imposition has been submitted to the qualified electors of the parish at an election to be conducted in accordance with the general election laws of the state, and a majority of those voting in the election shall have voted in favor of the imposition of the charge.
 (5) To otherwise regulate the collection and disposal of garbage and trash.
 B. (1) The governing authority of any municipality or parish is authorized to execute contracts with private water companies or water districts serving customers in the area served by a garbage and trash collection and disposal service pursuant to Subsection A.
 (2) Such contracts may contain such terms and privileges as may be agreed upon between the parties, pursuant to which charges imposed for such garbage and trash collection and disposal service may be collected by water companies or water districts, and providing a procedure to enforce collection by an agreement to shut off or terminate the service of the supply of water, hereinafter referred to as "utility service", to any premises delinquent in the payment of either its utility charges or garbage and trash collection and disposal service charges; however, such procedure shall provide for prior notice by certified mail to any person who fails to pay such service charges that said person's utility service may be shut off or terminated, and not less than thirty days after provision of such notice and only after said person's subsequent refusal to pay such service charges within said thirty days, the utility service may be shut off or terminated.
 (3) Any such contract shall not require the approval of any state department, agency, or commission.
 (4) A private water company or water district contracting with a governing authority pursuant to this Subsection may require the governing authority to supply such indemnity bond or liability insurance as the private water company or water district may consider necessary for its protection.
 C. The governing authority of any municipality or parish may provide by ordinance for the filing into the public records of notice of nonpayment of a service charge for garbage and trash collection and disposal services. The notice of nonpayment shall constitute a privilege upon the property of such person and shall be prior in rank to mortgages, vendor's privileges, and all other privileges except tax privileges. The ordinance shall provide for prior notice by certified mail to any person who fails to pay such service charges that a privilege may be filed upon such person's property upon failure to pay the cost for collection and disposal services; and not less than thirty days after provision of said notice to such person and only after said person's subsequent refusal to pay such service charge within said thirty days the notice of nonpayment may be filed in the mortgage records of the parish in which the property is located.
 D. The governing authority of any municipality or parish is authorized to carry out the provisions of this Section as acts of government on behalf of the state of Louisiana as sovereign, and, to the extent the governing authorities deem necessary or appropriate, are further authorized to displace competition and provide a monopoly public service.
 The powers granted herein to parish governing authorities may be transferred by such authorities to special garbage districts created under R.S. 33:8001
et seq.
F. Repealed by Acts 2001, No. 524, § 2.
 G. The power to permit or regulate solid waste collection, transportation, processing, recovery, and disposal, granted herein to parish and municipal governing authorities, shall not preempt regulatory and licensing authority of the Environmental Control Commission and the office of environmental affairs, Department of Natural Resources, pursuant to R.S. 30:2001, et seq.
 H. No parish or municipal governing authority or special garbage district shall require incineration of recyclable materials, which are considered to be those materials source separated by any person or those materials separated from solid waste by any licensed solid waste collector incidental to collection of such waste for utilization as a raw material to be manufactured into a new product.
Subsection A sets out the powers of a municipality with regard to the collection and disposal of trash. Assessment of a service charge is allowed by A(4), and A(5) which give the power, "To otherwise regulate the collection and disposal of garbage and trash." In accordance with the powers given to municipalities in this subsection, this service charge is often added by ordinance to local water bills. Many municipalities report this assists their collection efforts.
Subsection B authorizes a municipality to execute contracts with private water companies or water districts serving customers in the area served by garbage and trash collection and disposal services. Again, the charge is billed along with the water bill. The second part of this subsection allows collection enforcement by terminating service of the supply of water to any premises delinquent in the payment for the water service or for garbage and trash collection. This termination can only be done after prior notice is given by certified mail to any person who fails to pay the service charge, but not less than thirty days after provision of the notice and only after the subsequent refusal to pay within the thirty days. It should be noted that the termination of water supply is authorized only if a private water company or a water district is providing garbage and trash collection.
Subsection C of Section 4169.1 allows for a municipality to enact an ordinance for the filing into the public records a notice of nonpayment of the service charge for garbage and trash collection. This notice constitutes a privilege upon the property of the delinquent person and is prior in rank to mortgages, vendor's privileges, and all other privileges, except for tax privileges. The ordinance must provide for the same prior notice by certified mail and may be filed not less than thirty days after the notice and subsequent refusal to pay. The notice of nonpayment may be filed in the mortgage records of the parish where the property is located. While this may be a useful tool in collecting delinquent accounts, it should be noted that a lien or privilege on immovable property would only affect owners of the property. This action would have little or no impact on renters who have failed to pay the service charge.
We trust this sufficiently answers your question. However, if you should need any further information do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
CCF, Jr.:FJP:sc